UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LARRY D. HENRY** | : | **CIVIL ACTION NO. 2:12-cv-2527** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **JOE P. YOUNG** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by petitioner, Larry D. Henry. Petitioner is an inmate in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### Background

Petitioner claims that he is being denied adequate medical care, specifically that he has been denied medical attention for a torn rotator cuff and kidney problems. Petitioner states that an MRI was performed in December of 2011 but that he has received no treatment since that time. He further states that a CAT scan of his kidneys was scheduled for January 12, 2012, but it never occurred. Petitioner claims that he is in daily pain and that the actions of the defendant constitute cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. Doc. 1, att. 2.

**Law and Analysis**

At the outset, this court must determine whether plaintiff's complaint should be handled as an application for a writ of habeas corpus as plaintiff suggests or whether this is more properly characterized as a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized a cause of action against federal agents or employees for the violation of a constitutional right.

A petition for writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A civil rights suit "is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166,168 (5th Cir.1994). The proper vehicle is a civil rights suit if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release[.]" *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam).

Based upon a review of the pleadings, it is clear that petitioner has asserted a civil rights claim. The allegations implicate the manner of confinement rather than the fact or duration of his confinement. *See Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987). Petitioner does not challenge his conviction or assert that he should not be in custody. Thus, petitioner must pursue his claims by filing a *Bivens* type action.

We will not convert the petition into a *Bivens* actions. *See Glaus v. Anderson*, 408 F.3d 382, 388–89 (7th Cir. 2005) (describing the practical difficulties involved when converting). Because petitioner is proceeding *pro se*, a number of things are worth noting. The court is not making a decision on the ultimate merits of the case. Petitioner may immediately refile his case

as a *Bivens* action. Filing a *Bivens* suit will entail a different set of legal rules and consequences particular to a civil rights suit. *Id.* at 389–90.

Accordingly, **IT IS RECOMMENDED** that the instant application for a writ of habeas corpus be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Petitioner may reassert his claim by filing the appropriate action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 9th day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE